UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 2:23-CV-1332-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in her evaluation medical opinion evidence. Had the ALJ properly considered the evidence, she may have reached a different determination regarding disability or included additional limitations in Plaintiff's residual functional capacity ("RFC"). The ALJ's error is, therefore, not harmless, and this matter

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## I. Factual and Procedural History

Plaintiff protectively filed a claim for SSI on September 24, 2018, alleging disability beginning June 30, 2018. Dkt. 7, Administrative Record ("AR") 523. His application was denied at the initial level and on reconsideration. AR 280, 291. He requested a hearing before an ALJ, which took place on April 28, 2022. AR 145–58, 298. Plaintiff was represented by counsel at the hearing. *See* AR 145. The ALJ issued an unfavorable decision denying benefits, and the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6, 14–38. Plaintiff appealed to this Court. *See* Dkts. 1, 5.

## II. Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III. Discussion

Plaintiff contends the ALJ harmfully erred by failing to properly consider medical opinion evidence in the record and in formulating the RFC. Dkt. 12 at 1. He argues the appropriate remedy for these errors is remand for an award of benefits. *Id.* at 18.

### A. Medical Opinion Evidence

Plaintiff first contends the ALJ did not properly evaluate the medical opinion evidence in the record. *Id.* at 1. Specifically, he argues the ALJ erred in considering the opinions of examining psychologist James Czysz, Psy.D.; treating psychiatrist David Rowlett, M.D.; and treating providers Margaret Adam, M.D., and Virginia Arnold, ARNP. *Id.* at 3.

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff filed her claim after that date, the new regulations apply.[2] *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." *Id.* §§ 404.1520c(a), 416.920c(a). Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

[2] Defendant argues Plaintiff has forfeited his arguments on this subject by relying on case law applying the pre-2017 regulations. Dkt. 21 at 3–4. The Court will consider Plaintiff's challenges under the currently applicable standards.

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th 785 at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

*1. James Czysz, Psy.D.*

On August 22, 2018, Dr. James Czysz completed a psychological evaluation of Plaintiff at the request of the Department of Social and Health Services. AR 666–72. Dr. Czysz diagnosed Plaintiff with major depressive disorder, recurrent, moderate-to-severe; post-traumatic stress disorder; unspecified stimulant-related disorder, PCP; and antisocial personality disorder. AR 668. He rated the overall severity of Plaintiff's diagnosed mental impairments as "marked." *Id.* Specifically, Dr. Czysz found marked limitations in Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without

special supervision; learn new tasks; adapt to changes in a routine work setting; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. *Id.* He also found moderate limitations in Plaintiff's ability to understand, remember, and persist in tasks by following detailed instructions; perform routine tasks without special supervision; make simple work-related decision; be aware of normal hazards and take appropriate precautions; and set realistic goals and plan independently. *Id.* Dr. Czysz opined that the effects on Plaintiff's basic work activities were not primarily the result of a substance use disorder and would persist following 60 days of sobriety, explaining that Plaintiff's "psychiatric symptoms preceded any substance use and continue during times of sustained remission." *Id.*

The ALJ found Dr. Czysz's opinion unpersuasive. AR 27. Regarding the supportability factor, the ALJ wrote that Dr. Czysz did not provide "support or basis for the limitations or ratings given." AR 28. However, immediately following this statement, the ALJ noted that "Dr. Czysz relied on his observations and findings at this evaluation, which is expected of an examining physician," and reviewed prior DSHS evaluation forms. AR 28–29. Dr. Czysz's evaluation notes that he conducted a clinical interview of Plaintiff on August 22, 2018, and reviewed records of previous psychological evaluations that took place in July 2014, June 2016, and August 2017. AR 666, 669. Thus, the ALJ's finding that Dr. Czysz failed to state the basis for his opinion is not supported by substantial evidence.

Regarding the consistency factor, the ALJ wrote that Dr. Czysz's opinion was "out of proportion to the psychological evidence of record" and found that the "overall evidence is inconsistent with someone with debilitating mental impairments." AR 28. She noted that "the claimant alleges disabling mental symptoms, but the mental health records show within normal

limits mental status examinations[.]" *Id.* The ALJ appropriately provided numerous specific citations to the record in support of this finding, but Plaintiff argues the citations are largely to "hospital and primary care notes where the focus of care was on the Plaintiff's considerable physical health conditions" and reference only two pages of mental health records. Dkt. 12 at 4.

As Defendant notes, physicians are qualified to provide mental status exams even if they are not psychiatrists. Dkt. 21 at 6 (citing *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). However, the ALJ did not explain why she credited the cited mental status exams over the multiple abnormal findings from Plaintiff's mental health providers noting, for example, guarded, suspicious, or angry attitude (AR 732, 743, 747, 753, 758); apathetic or dysphoric mood (AR 737, 741, 753, 755); constricted or tense affect (AR 741, 747, 753, 755, 758); and impaired insight, judgment, and reasoning (AR 741, 753, 756, 758). Although ALJs are responsible for resolving conflicts in medical testimony, *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020), they must also "set forth the reasoning behind [their] decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). The ALJ did not do so here.

The ALJ also noted that Dr. Czysz did not review Plaintiff's treatment records, which she asserts "indicates that he was unaware of the current picture of the claimant's psychological impairments." AR 29. She continued,

> With that said, this means his observations and findings were of the claimant's subjective reports and presentation at that evaluation (*i.e.,* what he told him and presented to him on that specific day). Yet, the claimant presented "worse" than he did at any of his treatment appointments, which undermines the reliability of his allegations to Dr. Czysz.

*Id.* It is not clear whether the ALJ intended this comment to go to the supportability or consistency factor. If this was intended as a supportability finding, Dr. Czysz identified the basis of his opinion, as noted above, relied on his own observations as well as Plaintiff's reports when conducting the evaluation, and conducted a mental status exam. Dr. Czysz found "no evidence of dissimulation or suboptimal effort on testing," specifying that Plaintiff's performance on a dissimulation screening task "suggest[ed] adequate effort." AR 699–70.

If intended as a consistency finding, the ALJ does not cite to any portion of the record to support her assertion that Plaintiff "presented 'worse'" at the evaluation with Dr. Czysz than "at any of his treatment appointments." In fact, many of Dr. Czysz's observations of Plaintiff are similar to other mental health providers' observations in his treatment notes, such as slowed speech with flat tone, depressed mood, reserved or disengaged attitude, "edgy" affect, and impaired insight and judgment. *Compare* AR 669–70 *with* AR 732, 737, 741, 743, 747, 753, 755–56, 758. This explanation for rejecting Dr. Czysz's opinion is not supported by substantial evidence.[3]

Because the ALJ's reasons for discounting Dr. Czysz's opinion are not supported by substantial evidence in the record, the ALJ erred in her consideration of this evidence. The error was not harmless because, had the ALJ properly considered these opinions, the RFC may have included limitations to reflect the impairments opined to by Dr. Czysz, and the ultimate disability determination may have changed. Therefore, reversal of the ALJ's decision is required.

2. *Remaining Medical Opinion Evidence*

[3] The ALJ also wrote that Dr. Czysz "noted that the claimant was supposedly clean from drug use, yet the records indicated ongoing use of PCP and cannabis." AR 28. The parties agree that this finding is erroneous and unsupported by the record. Dkts. 12 at 3–4; 21 at 6 n.1.

Plaintiff also challenges the ALJ's evaluation of medical opinion evidence from David Rowlett, M.D.; Margaret Adam, M.D.; and Virginia Arnold, ARNP. Dkt. 12 at 3. Because the Court finds reversible error in the ALJ's evaluation of Dr. Czysz's opinion evidence and all medical opinion evidence must be re-evaluated on remand, it is not necessary to address the ALJ's evaluation of the remaining opinion evidence.

B. RFC

Plaintiff also argues the ALJ erred in formulating the RFC, specifically by limiting the amount that Plaintiff could reach overhead but not limiting other reaching. *Id.* at 16–18. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and must re-evaluate all the medical evidence on remand. Because Plaintiff may be able to present new evidence and new testimony on remand, the ALJ must also reconsider Plaintiff's RFC on remand.

C. Remedy

Plaintiff cursorily asks the Court to remand this matter for an award of benefits. *Id.* at 18. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). However, the Ninth Circuit has stated that benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

The Court has determined the ALJ must re-evaluate the medical opinion evidence. Further, based on the errors identified above, issues remain that must be resolved concerning Plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

**IV. Conclusion**

Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) in accordance with this Order.

Dated this 13th day of May, 2024.

David W. Christel
United States Magistrate Judge